UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DORVAE' A. BARNETT, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:16-cv-00426-JMS-DKL |
| DICK BROWN, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, ISF 16-07-0455. The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot. For the reasons set forth below, the respondent's motion to dismiss [dkt. 17] is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding ISF 16-07-0455, in which he was found guilty of assaulting staff. His sanctions included the deprivation of 360 days earned credit time and the demotion from credit class II to III. He filed the instant petition for a writ of habeas corpus on November 4, 2016. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on January 26, 2017, vacated the petitioner's disciplinary conviction and sanctions and designated the case for re-hearing.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court

may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, the petitioner's conviction and sanctions were vacated and thus can no longer affect the duration of his custody. Accordingly, the petitioner's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: February 9, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DORVAE' A. BARNETT
194243
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronically Registered Counsel